UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HMD GLOBAL OY,<br><br>Defendant. | Case No. 6:21-cv-00166<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CPC Patent Technologies Pty Ltd. ("CPC" or "Plaintiff") files this complaint for patent infringement against HMD Global Oy ("HMD" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on HMD's infringement of U.S. Patent Nos. 9,269,208 ("the '208 Patent") and 9,665,705 ("the '705 Patent") (collectively, "the Patents-in-Suit"), which have an application priority date of 2003.

2. The products accused of infringing the '208 Patent and the '705 Patent include Nokia smartphones equipped with facial recognition and fingerprint scanning ("the Accused Products").

**THE PARTIES**

3. CPC is an Australian corporation having its principal place of business located at Level 1, 18 Tedder Avenue, Main Beach, Queensland 4217, Australia.

4. CPC is an investment company focused on biometric technology including mobile device security, credit card security, and mobile payments. In 2019, CPC acquired a patent portfolio, including the '208 Patent and the '705 Patent from biometric technology pioneer Securicom (NSW) Pty Ltd ("Securicom") from the liquidator of Securicom and inventor Christopher Burke.

5. On information and belief, HMD is a Finnish corporation with places of business at Karaportti 2, FIN-02610, Espoo, Finland, and Level 4, 4 Kingdom Street, Paddington Central, London W26BD. Upon information and belief, HMD sells and offers to sell products and services throughout Texas, including in this Judicial District, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this Judicial District.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c). HMD is a foreign entity and may be sued in any Judicial District under 28 U.S.C. § 1391(c)(3).

8. On information and belief, HMD is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and Judicial District, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas

residents. For example, upon information and belief, HMD markets the Accused Products and arranges for the Accused Products to be offered for sale in this District.

9. This Court has personal jurisdiction over HMD, directly or through intermediaries, including its subsidiaries, because it has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. On information and belief, HMD has placed and continues to place the Accused Products into the stream of commerce via an established distribution channel with the knowledge and/or intent that the Accused products were sold and continue to be sold in the United States and Texas, including in this District.

11. On information and belief, HMD has continuous and systemic contacts to, and presence in, the State of Texas and the Western District of Texas, making venue in this Judicial District both proper and convenient for this action.

**SECURICOM'S INNOVATION OF BIOMETRIC SECURITY TECHNOLOGY**

12. The inventions of the Patents-in-Suit provide for enrollment in a biometric security system where the user's biometric data is stored securely. Once the user's biometric data is secure in an electronic device (e.g., a smartphone), the biometric data can be used to unlock the electronic device.

13. On September 17, 2019, the United States Patent and Trademark Office recorded an assignment of patent rights of certain patents (including the Patents-in-Suit) to CPC Patent Technologies Pty Ltd. ("CPC"). CPC is a wholly-owned subsidiary of Charter Pacific. (*See* https://www.charpac.com.au/further-clarification/)

## HMD'S FORAY INTO THE BIOMETRIC SECURITY TECHNOLOGY

14. In 2018, more than a decade after the priority application date for the Patents-in-Suit, HMD introduced a rear-mounted fingerprint sensor with the Nokia smartphones, which is biometric security used for, e.g., device access and near-field communication (NFC) payments. Thereafter, HMD added facial recognition in the Accused Products as a security feature alternative to fingerprint scanning. (*See* https://www.prnewswire.com/news-releases/nokia-3-1-plus-arrives-in-the-united-states-on-cricket-wireless-300784179.html)

## THE PATENTS-IN-SUIT

15. On February 23, 2016, the '208 Patent, entitled "Remote Entry System," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '208 Patent is attached hereto as Exhibit A.

16. On May 30, 2017, the '705 Patent, entitled "Remote Entry System," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '705 Patent is attached hereto as Exhibit B.

## HMD'S KNOWLEDGE OF THE PATENTS-IN-SUIT

17. On February 12, 2021, CPC provided HMD specific notice of infringement regarding the Patents-in-Suit. (*See* Exhibit C.)

18. HMD has not taken a license to the Patents-in-Suit.

## FIRST CAUSE OF ACTION

### (Infringement of the '208 Patent)

19. CPC incorporates by reference and realleges the allegations of Paragraphs 1 through 18.

20. CPC owns all substantial rights, interest, and title in and to the '208 Patent, including the sole and exclusive right to prosecute this action and enforce the '208 Patent against infringers, and to collect damages for all relevant times.

21. A claim chart showing how a representative Accused Product directly infringes representative claim 10 of the '208 Patent is attached hereto as Exhibit D.

22. With knowledge of the '208 Patent, HMD has induced its customers to infringe at least claim 10 of that patent by instructing such customers regarding the registration for, and use of, the facial recognition and fingerprint sensor functions of the Accused Products.

23. CPC has been damaged by HMD's infringement of the '208 Patent.

24. CPC has complied with 35 U.S.C. § 287 with respect to the '208 Patent.

## SECOND CAUSE OF ACTION

### (Infringement of the '705 Patent)

25. CPC incorporates by reference and realleges the allegations of Paragraphs 1 through 24.

26. CPC owns all substantial rights, interest, and title in and to the '705 Patent, including the sole and exclusive right to prosecute this action and enforce the '705 Patent against infringers, and to collect damages for all relevant times.

27. A claim chart showing how a representative Accused Product directly infringes representative claim 1 of the '705 Patent is attached hereto as Exhibit E.

28. With knowledge of the '705 Patent, HMD has induced its customers to infringe at least claim 1 of that patent by instructing such customers regarding the registration for, and use of, the facial recognition and fingerprint sensor functions of the Accused Products that resulted in the direct infringement of at least that claim.

29. CPC has been damaged by HMD's infringement of the '705 Patent.

30. CPC has complied with 35 U.S.C. § 287 with respect to the '705 Patent.

## JURY DEMAND

CPC hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, CPC requests that:

A. The Court find that HMD has directly infringed the Patents-in-Suit and hold HMD liable for such infringement;

B. The Court find that HMD has indirectly infringed the Patents-in-Suit by inducing its customers to directly infringe the Patents-in-Suit and hold HMD liable for such infringement;

C. The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate CPC for HMD's past infringement of the Patents-in-Suit, including both pre- and post-judgment interest and costs as fixed by the Court;

D. The Court enter an injunction preventing further infringement by HMD; and

E. The Court award such other relief as the Court may deem just and proper.

Dated: February 23, 2020

Respectfully submitted,

/s/ *Stewart Mesher*

Stewart Mesher
Texas State Bar No. 24032738
**K&L GATES LLP**
2801 Via Fortuna, Suite #350
Austin, TX 78746
Tel.: (512) 482-6841
Fax: (512) 482-6859
Stewart.Mesher@klgates.com

Elizabeth A. Gilman
Texas State Bar No. 24069265
**K&L GATES LLP**
1000 Main Street, Suite #2550
Houston, Texas 77002
Tel.: (713) 815-7327
Fax: (713) 815-7301
Beth.Gilman@klgates.com

James A. Shimota
(*pro hac vice* to be filed)
Illinois State Bar No. 6270603
George C. Summerfield
(*pro hac vice* to be filed)
Michigan State Bar No. P40644
Dhohyung Kim
(*pro hac vice* to be filed)
Illinois State Bar No. 6336174
**K&L GATES LLP**
70 W. Madison Street, Suite #3300
Chicago, IL 60602
Tel.: (312) 807-4299
Fax: (312) 827-8000
Jim.Shimota@klgates.com
George.Summerfield@klgates.com
DK.Kim@klgates.com

**ATTORNEYS FOR CPC PATENT TECHNOLOGIES PTY LTD.**